UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, | No. 2:21-cv-1711 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

    Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and he will be given an opportunity to amend the complaint.

    I.    APPLICATION TO PROCEED IN FORMA PAUPERIS

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure

2

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

   III.   THE COMPLAINT

Plaintiff sues for alleged violations of his constitutional rights while he was incarcerated at the California Health Care Facility ("CHCF") in Stockton, California. He names the following as defendants: the State of California; Burton, CHCF Warden; Dr. Patel Vijay, a physician at Kern Valley State Prison ("KVSP") in Delano, California; D. Potts, Hernandez, and John Doe, correctional officers at CHCF; and Attorney General Rob Bonta.

Plaintiff's allegations are cursory. He first alleges that an unspecified defendant failed to supervise their employees, resulting in an inaccurate accounting of his good time credits and excessive confinement. He next alleges that defendants are withholding his legal property and preventing access to the courts in retaliation for other lawsuits initiated by him. In his third claim, plaintiff alleges that defendants physically and sexually assaulted him in retaliation for those other lawsuits. They also confiscated his ADA appliances, causing him to be improperly housed and "dragged by his arms from cell to cell . . . for months" so that they could disprove his medical

3

claims in another lawsuit. Based on these allegations, plaintiff seeks damages, injunctive relief, and release on parole.

### IV. ANALYSIS

#### A. Eleventh Amendment Immunity

Plaintiff names the State of California as a defendant, but it is well-established that he may not proceed against the State absent consent. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 344-45 (1979) (footnote omitted). California has not waived its Eleventh Amendment immunity with respect to section 1983 claims. Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (citations omitted); Dittman v. State of Cal., 191 F.3d 1020, 1025 (9th Cir. 1999), cert. denied, 530 U.S. 1261 (2000). Thus, plaintiff may not proceed against the State of California.

#### B. Federal Rule of Civil Procedure 8(a)(2)

To survive Rule 8(a)(2), a complaint must provide " 'fair notice of what plaintiff's claim is and the grounds upon which it rests' in order to enable the [defendant] to answer and prepare for trial, and to identify the nature of the case." Middleton v. United States, 2012 WL 394559, at *2 (E.D.N.Y. Feb. 7, 2012) (quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005)); Starr, 652 F.3d at 1216.

Several forms of pleading practices can preclude a defendant of fair notice and, thus, warrant dismissal under Rule 8(a)(2). One such practice is "shotgun pleading," in which the instant complaint engages. As the Eleventh Circuit explained in Weiland v. Palm Beach County. Sheriff's Office, there are four common types of shotgun pleading:

> The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each adopts the allegations of all the preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type ... is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory,

4

> vague and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is a relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

792 F.3d 1313, 1321–23 (11th Cir. 2015).

It is the fourth "rare sin" that is now before this Court. As noted above, plaintiff's allegations are sparse. He fails to specify against which defendants his three claims are asserted, he provides no details as to the alleged assaults, he does not identify who confiscated his ADA appliances and under what circumstances, there is no indication as to how Attorney General Rob Bonta participated in the alleged violation of plaintiff's constitutional rights, and it is unclear how Dr. Patel—a physician at KVSP—treated plaintiff while he was housed at CHCF. Thus, dismissal of all three counts is warranted under Rule 8(a)(2).

        C.      Release From Custody Unavailable

Finally, plaintiff's request for release from custody seeks a form of relief that is not available in a civil rights action. See Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (a writ of habeas corpus is the "exclusive remedy" for the prisoner who seeks " 'immediate or speedier release' " from confinement). If plaintiff wishes to proceed with a claim that he is entitled to release due to a miscalculation of his good time credits, he must do so in a petition for a writ of habeas corpus filed in a new case. Plaintiff is advised that before he may file a habeas petition in this court, he must first exhaust any constitutional claims by raising them in the California Supreme Court. 28 U.S.C. § 2254(b)(1).

V.    LEAVE TO AMEND

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983

5

unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim. A civil rights lawsuit cannot be brought against the State of California, and it cannot seek release from custody. As to the other issues you raise, you have not clearly identified who did what to violate your rights.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 15, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7